IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Jenna Emery,** *on behalf of herself and all others similarly situated,*<br><br>        **Plaintiff,**<br><br>v.<br><br>**Eagle Express Mail, LLC dba The MBS Store,** and **Eliot Louis Deters,** *individually*,<br><br>        **Defendant.** | **Civil Action No.** |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Jenna Emery (hereinafter, "Plaintiff" or "Ms. Emery"), on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendants Eagle Express Mail, LLC (hereinafter, "Eagle Express") and Eliot Louis Deters (collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. In addition, Plaintiff brings this action against Defendant under state law, specifically the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a.

3. Plaintiff brings this action, on behalf of herself and all others similarly situated, against Defendant for unpaid overtime compensation, and related penalties and damages.

4. Plaintiff is a former employee of Defendant and she alleges that Defendant failed and refused to pay the statutorily required overtime premium for all hours worked over forty in a designated workweek.

5. Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

6. Defendant's payroll policies and practices were and are in direct violation of the IMWL, 820 ILCS 105/4a.

7. For said violations, Plaintiff seeks, on behalf of herself and all others similarly situated, declaratory relief; compensation for work hours for which Plaintiff was unpaid or underpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

8. Plaintiff Jenna Emery is an adult resident of Collinsville, St. Clair County, Illinois.

9. Plaintiff and prospective members of the collective are those current and former non-exempt employees of Defendant who were not paid overtime premiums for hours worked over forty in a workweek.

10. Defendant is an Illinois-based limited liability company (LLC), and may be reached for service through its registered agent, Eliot Louis Deters, 1722 Corporate Crossing, Suite 5, O'Fallon, Illinois 62269.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c

*seq.*

12. This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367 because that claim is so related to the federal law claim that it forms part of the same case or controversy, pursuant to Article III of the United States Constitution.

13. Defendant is a legal entity organized in the State of Illinois, is subject to service of process in Illinois, and does business in the State of Illinois. Therefore, this Court has personal jurisdiction over Defendant.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiff bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees who were or are employed by Defendant for the period of three years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are substantially similar to collective action members or putative collective action members.

17. Plaintiff, collective action members, and putative collective action members are similarly situated because they work or worked as non-exempt employees for Defendant and are or were subject to Defendant's common practice, policy, or plan of

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c

failing to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

18. Plaintiff Jenna Emery worked for Defendant as a Client Service Advisor from March 28, 2022 to July 1, 2022.

19. While Ms. Emery worked for Defendant, her duties caused her to occasionally work more than forty hours per week.

20. Defendant paid Ms. Emery an hourly wage of $14.00.

21. During Ms. Emery's employment, Defendant paid her the same hourly wage for all her hours worked, including overtime hours worked over forty in a workweek.

22. During Ms. Emery's employment, Defendant did not pay her an overtime premium worked of at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

23. On at least one occasion, Ms. Emery requested appropriate overtime compensation to Defendant's store management.

24. Ms. Emery's request for overtime compensation was dismissed by Defendant on grounds that "they don't do overtime pay."

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

26. At all relevant times, Plaintiff and those similarly situated to her were employees of Defendant.

27. At all relevant times, Defendant was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

28. At all relevant times, Defendant "employed" Plaintiff and employees similarly

Doc ID: f4fdfffd6369a33775e97f049bd63d24a0972a03c

situated to her within the meaning of the FLSA, 29 U.S.C. § 203 (e)-(g).

29. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

30. At all relevant times, Plaintiff and similarly-situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

31. At all relevant times, Plaintiff and similarly-situated employees were entitled to an overtime premium at a rate of not less than one-and-one-half their regular rate of pay for work performed in excess of forty hours in a work week.

32. Plaintiff and those similarly situated to her worked more than forty hours per week.

33. When Plaintiff Jenna Emery explicitly requested appropriate overtime pay, Defendant denied this request because they "don't do overtime pay."

34. Defendant thus willfully failed and refused to pay Plaintiff and similarly-situated employees an overtime premium for all hours worked over forty in any given workweek.

35. As a result of Defendant's failure to compensate Plaintiff and similarly-situated employees at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

36. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

**COUNT II—VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c

38. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

39. At all relevant times, Defendant was an "employer" within the meaning of the IMWL, 820 ILCS 105/3(c).

40. At all relevant times, Plaintiff and similarly-situated employees were "employees" of Defendant within the meaning of the IMWL, 820 ILCS 105/3(d).

41. The IMWL requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. 820 ILCS 105/4a(1).

42. At all relevant times, Plaintiff and similarly-situated employees were non-exempt employees within the meaning of the IMWL, 820 ILCS 105/4a(2).

43. Plaintiff and those similarly situated to her worked more than forty hours per week.

44. At all relevant times, Plaintiff and similarly-situated employees were entitled to an overtime premium at a rate of not less than one-and-one-half their regular rate of pay for work performed in excess of forty hours in a workweek.

45. Defendant failed to pay Plaintiff and similarly-situated employees an overtime premium for all hours worked over forty in any given workweek.

46. As a result of Defendant's failure to compensate Plaintiff and similarly-situated employees at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the IMWL, 820 ILCS 105/4a(1).

47. Plaintiff Jenna Emery has been damaged by the violations of the Illinois Minimum Wage Law by Defendant.

**PRAYER FOR RELIEF**

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c

WHEREFORE, Plaintiff and employees similarly situated to her pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Illinois Minimum Wage Law;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Plaintiff Jenna Emery as Representative Plaintiff of the collective in this FLSA representative action.

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

 s/Philip Oliphant__
 Alan G. Crone, TN Bar No. 014285
 Philip Oliphant, TN Bar No. 025990
 Edward Rolwes. IL Bar No. 06191483
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

*Pro hac vice admission pending*

7

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c

## **DECLARATION AND VERIFICATION**

I, **Jenna Emery**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Jenna Emery**

Date: __06 / 30 / 2022_____

Doc ID: f4fdffd6369a33775e97f049bd63d24a0972a03c



Audit Trail

| TITLE | Emery Complaint |
|---|---|
| FILE NAME | Emery Complaint.pdf |
| DOCUMENT ID | f4fdffd6369a33775e97f049bd63d24a0972a03c |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | ● Signed |

## Document History

**SENT**  
**06 / 29 / 2022**  
16:14:38 UTC-5  
Sent for signature to Jenna Emery (jtemery42@gmail.com) from jlc@cronelawfirmplc.com  
IP: 173.166.195.225

**VIEWED**  
**06 / 30 / 2022**  
10:40:14 UTC-5  
Viewed by Jenna Emery (jtemery42@gmail.com)  
IP: 75.132.210.124

**SIGNED**  
**06 / 30 / 2022**  
10:44:55 UTC-5  
Signed by Jenna Emery (jtemery42@gmail.com)  
IP: 75.132.210.124

**COMPLETED**  
**06 / 30 / 2022**  
10:44:55 UTC-5  
The document has been completed.

Powered by HELLOSIGN