IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNA EMERY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE EXPRESS MAIL, LLC, d/b/a MBS Store, and<br>ELIOT LOUIS DETERS,<br><br>Defendants. | Case No. 3:22-cv-01439-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff Jenna Emery (Doc. 12). Defendants have not filed a response to the motion. For the reasons set forth below, the motion is granted.

The Clerk of Court entered default against Defendants Eagle Express Mail, LLC, and Eliot Louis Deters pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 30, 2022 (Doc. 11). Emery has now filed a motion for default judgment under Rule 55(b)(2) (Doc. 12).

Rule 55(a) requires the clerk to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. FED. R. CIV. P. 55(a). The clerk's entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been

established, the moving party must then seek entry of a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Pursuant to this District Court's Local Rules, a motion for default judgment pursuant to Rule 55(b) shall contain a statement that a copy of the motion was mailed to the last known address of the party from whom default judgment is sought. SDIL-LR 55.1. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy was mailed to that attorney. *Id.*

In this case, the Clerk has properly entered default under Rule 55(a). Further, the Court finds that the requirements of Local Rule 55.1 are satisfied. Accordingly, the Court **GRANTS** the Motion for Default Judgment (Doc. 12) and finds that Defendants Eagle Express Mail, LLC and Deters violated the Fair Labor Standards Act and the Illinois Minimum Wage Law. Further, the Court finds that Defendants failed to fairly compensate Emery for overtime work by paying an overtime premium of at least one-and-one-half times the regular rate of pay for all hours worked over forty hours in one work week.

Emery also asks the Court to schedule a hearing to determine appropriate damages in this action and requests a reward of reasonable attorney's fees. The Court declines to set a hearing, and instead orders Emery to file a supplemental brief detailing her sought damages and attorney's fees with appropriate supporting documentation. Emery must file such brief on or before **November 7, 2022**.

**IT IS SO ORDERED.**

DATED:   October 17, 2022

_____
NANCY J. ROSENSTENGEL
Chief U.S. District Judge